Good morning. Good morning, Your Honors. May it please the Court, Erica Frick on behalf of the United States. I would like to reserve five minutes of my time for rebuttal. The central question on appeal is whether local police reports are discoverable under Rule 16. The government's position is that those reports are not discoverable, and in fact they're exempt from disclosure under Rule 16A2. The Rule 16A2 exempts reports made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. As a Cherry Court held, there's no practical difference between federal and state and local agents for purposes of this rule, and reaching any other result would dampen cooperation. Can I clear a little underbrush? One of the underpinnings for Judge Alsup's argument was that these were documents under Rule 16A1E. Yes, Your Honor. Do you contend that they're not documents? We made that argument in the district court, Your Honor, but we have not renewed that argument on appeal. That one we take as a given. These are documents. You, of course, argue that they're not because of A2, you don't have to hand them over. But for purposes of our purposes, these are documents. That's right, Your Honor. Second, if we were to conclude that in A2 the word government means only federal government, do you have an argument or do you wish to forego an argument that the local police acting before the federal government gets actively involved, do you want to forego an argument that they're agents of the federal government for purposes of A2? Well, Your Honor, we believe it's unworkable to try to carve out a distinction in terms of when federal involvement begins in a local investigation. However, we wouldn't want to forego the possibility of arguing in the district court, should the court rule against us, that go back to the district court and argue, you know, that some of these reports would be protected. But you're not arguing one way or the other here as to whether or not the local police operating before the federal investigation gets underway. You're not arguing one way or the other whether they're agents of the federal government? We believe, our position is that when there's an investigation that culminates in a federal indictment that involved a local investigation, that that can be fairly construed as part of the federal investigation. So in that sense, yes, the local agents' reports would be part of the, would be covered by federal government. So you're saying that if they turn out to be, after the fact, agents of the federal government, even though they weren't at the time they were initially acting to collect the statements, or documents, excuse me, not statements. Yes, Your Honor, I believe that that could be one fair reading of the rule. Because the case, as Rule 16A2 defines the case, has to be defined at the point when the indictment is issued. And given that, you can, I think, fairly read that any investigation leading up to that was ultimately part of the federal investigation leading to a federal indictment. Now, I'm not sure I saw that argument in your brief. The argument I saw very clearly in your brief was the term government in A2 includes not only federal government, but also state and local governments. Did you make the argument that government means federal government, but nonetheless we win because these local police officers acting before federal government involvement are nonetheless agents within the meaning of A2? Did you make that argument? In the briefs, I don't think we made exactly those words. I do think it's fairly encompassed under our general principle here, which is you have a federal indictment and anything leading up to that is part of the federal case. The district courts seem to be concerned with the categorization of task forces and the creation of official state-federal cooperative efforts. I take it what you're saying is that's not workable either? And I guess the question is why did the district court's formulation prove unworkable in this case? Well, that's a different type of rule, which is to try to determine, rather than taking what I'm advocating, which is to say you have a federal indictment, you measure the federal case by that indictment. That's a different apparatus, if you will, for defining this, and that's what we think is unworkable, which is to try to define exactly when, pre-indictment, this turned into a federal investigation. We don't think that's workable because it's too informal of a process. Most of these investigations never get formally categorized as a joint task force type of situation, and in fact, you never know when a local investigator's going to call a U.S. attorney's office and just have an informal phone call. Is that when the line gets drawn, or does it happen when we bring the indictment? At that point, all these investigations have already occurred. Well, the problem, as I understand it, deals with the nature of the case. This is a RICO prosecution in which the predicate acts forming the pattern of racketeering activity are based upon the violation of certain offenses that are normally prosecuted in state superior court as felonies, street robberies, homicides, assaults, and it is only when, at some point, the United States determines that there is an illegal enterprise here that is engaging in this conduct as a pattern of racketeering activity that these typical state crimes suddenly now become federalized, and the investigation that underlies those crimes becomes part and parcel of the federal prosecution. So is that the problem that we're wrestling with here? Because there's no real way for us to draw a line in the sand and say, on this date, it's all federal, other than, I guess, the indictment. Well, what we're saying is that you can define the case by the date of the indictment, but that all investigation leading up to that ought to be considered as part of that case. Now, there's really very little case law on the question that we're faced with here, and a lot of your arguments are practical policy-based arguments, but in terms of the practical policy-based arguments, why wouldn't the opportunity for the district court to fashion a protective order be sufficient to protect these witnesses and potential witnesses from danger, even if the term government in Rule 6, or government agent, excuse me, in 16A2 is defined to mean federal only? To answer your question, Your Honor, there are several problems with the protective order, which I'll get to in a moment. I don't mean whether this one is, in its particulars, precisely the right one. I'm asking a more global question. Let's assume it was the most protective order you could possibly imagine. I'm asking about the mechanism of the rule and whether that is a sufficient mechanism within the rule as a whole to deal with the policy problems that you have raised. Well, the policy problems that, I mean, first of all, no, as we've argued in this case, no protective order can protect these witnesses in this case, so we do not believe a protective order is an answer. Secondly, Rule 16A2, really the main purpose of it, although it has corollary effects in terms of witness safety, certainly, but its main purpose is to protect the investigation. So a protective order wouldn't really address that at all. And it would still not solve the problem of dampening cooperation between federal and local investigators, because, and this does go back to witness safety, but if we can't ensure that we can protect these local police reports and not have to turn them over, and because the line, you know, doesn't occur at any stage, so say a local investigation starts, and then later somehow a federal involvement begins, but we can't, we can't, if we take that case and we can't protect those reports, we can't protect those witnesses, we're not going to take that case. At the time these individual crimes were prosecuted in state court, as Judge Tallman was discussing, were these matters subject to discovery by the defendants or not? If this had been brought in. Right, if it had never been. No, because as we specified in our brief, even under the California Penal Code, and this is universal among all the federal case law and statutes and rules and the local law, but under the Penal Code, if there's a danger to the witnesses, then the names can be withheld until trial, the names and identifying information. But that's true here too, that is to say, there's a possibility of a protective order to protect the witnesses, now Judge Alsop has entered one, but I want to come back to a comment you made about protective order, you said no protective order can protect these witnesses, do you literally mean that? I see your point, Your Honor, which is that we do believe a protective order that does not disclose names or any identifying information could be sufficient in this case, so I do see your point. But now looking at, and I'm not sure how much the actual protective order itself in this case is in front of us, but looking at the protective order, I was quite struck by Judge Alsop saying, you know, I'm between a rock and a hard spot, either I grant fairly long continuances after, for example, you hand over the witness statements pursuant to Jenks right after the witness testimony, which may result in a mistrial, may result in a very long trial, so that there's ample time that your witnesses are vulnerable anyway. So what we have in the protective order is actually a requirement of revealing Jenks Act material before the statute requires it. All kinds of odd things are going on here because of the dynamics of this very complicated multi-defendant trial. And what I see happening here is you're trying to use Rule 16, Rule 16A2, which looks primarily like a work product rule, as a witness protection device, and of course, it would have the side effect of being witness protection, but we've got something here that talks about witness protection that is a protective order. So I think you're trying to do something indirectly that the rule provides for directly, and then when I see what's accomplished directly, whether right or wrong, Judge Alsop has actually ordered earlier discovery than, I think has ordered earlier discovery than is required even under Jenks. I mean, you said you can wait, but I wouldn't if I were you because you're going to pay for it. Well, Your Honor, you raised a number of points, and I'd like to try to address all of them. I apologize for the length of it, if it was a question. I mean, it's a sort of an out loud wondering, I'm having trouble with where we are. This is very difficult for me. Let me try to take a few of them in turn. First of all, we believe that the protective order is a clear abuse of discretion, even within the four corners of the court's orders. The court has made a finding that there's a substantial showing of danger to inculpatory witnesses, and actually went on to say at government excerpts at 128 that the gang has carried out numerous murders and other acts of violence, some of which are in the indictment, and that the gang abides by a code of silence that encourages revenge on snitches, and that if these witnesses were found, they could expect harm, that they would be at risk. Now at the same time, in the protective order on excerpts 123, the court is allowing the defense counsel and an investigator to tell the defendants the substance of testimony from the witnesses. Now they're supposed to do this and not reveal an identity, but there is no feasible way for them to do that. If they start telling these defendants the testimony, and you've already got two players, you have the defense counsel and the investigator who might separately talk to the defendant, it doesn't take very much for these defendants to put two and two together and figure out who a witness is, and then send out one of their cronies to have that person killed. So just based on the orders themselves, we believe there's a clear abuse of discretion here. So just to address one point, we think this is clearly inadequate order, a protective order. Why didn't the government participate in the drafting process of the order? It seems to me that the district court was all but begging help from the government and was very frustrated by the fact that he was met by silence. Well, Your Honor, we did participate in the process, but this is also litigation that's been going on for a year and a half, and in a dozen different ways, at least. The government has told this court that if you disclose the witness names, even if it's just to counsel, even if it's under a protective order, we can't ensure the safety of the witnesses. And I would point the court to excerpts 411, 446, 555, 223 footnote 2, 413, and then, of course, the Wilson case, which we cited where a witness was killed. But these are all instances that show that a protective order can be violated and that identities can get disclosed, notwithstanding the best intentions. You don't need to convince me there's a real witness safety concern here. But what I'm wrestling with is the district court is asking for help, and in response to that request, he's not getting much help other than a response from the government. We're just not going to disclose this information. And he's looking at it. How long are you estimating this case is going to take to try? It could take up to six months, perhaps. Okay. And he's looking at a case of that length and this complexity and trying to figure out how he's going to keep this thing from falling apart, a train wreck in his words, if there isn't some order to the presentation trying to address witness protection concerns at the same time that he's trying to address the legitimate concerns of the defense under the Sixth Amendment to present their defense. Yes, and, Your Honor, in terms of those proceedings themselves, it was the government's emphatic position throughout these proceedings that we couldn't reveal the witness names. But to more directly answer your question, one thing is going back to the August 23rd of 2005 transcript where we had a pretty exhaustive hearing of some of these issues. The government clearly explained its position. The defense counsel conceded in excerpts 411 that you can have a protective order, but when defense counsel talks to their clients, that's going to reveal, may very well reveal an identity. So we have concessions on the transcript there, and we have the government in great detail saying why a protective order isn't adequate if it reveals the defendant's name. So are you essentially saying then that the best we can do here is to follow the Jenks Act literally, disclose just before the trial commences, and then we will do everything within our power and the resources of the state and local law enforcement agencies involved in this matter to protect everybody as best we can? That's right. And because this question has come up a couple of times, I really do want to answer it because the defendant's main argument here is that they can't defend themselves without these reports. That is not the case. First of all, the government has turned over as much discovery as is possible in this case, even things that weren't required. So what we're dealing with on appeal, just so we're sure, by definition is not Brady material. That is, it's not exculpatory or it would have been turned over. So we're dealing with things that are either neutral or inculpatory by definition. Well, Brady is not an issue in this appeal. There are some materials that are both inculpatory and exculpatory. But I have not understood your position to be that you would fail to turn over Brady material. That is not our position on this appeal. So the issue that remains after that is carved out is that it's non-Brady material, however else you want to characterize it. We're dealing with non-Brady material on whether discovery is available of that. That's right, Your Honor. And I wanted to continue on because there are other reasons why there's no argument here they can't make their defense. First of all, it's happenstance that there are local police reports at issue in this case. If these were all FBI 302s, there would be absolutely no dispute. We would not have to turn them over. No one disputes that. They would still have to prepare their defense. The Adeline case, which we cite in our briefs, is a district court case from D.C. And that is a case that's strikingly similar to this case. It's a complex case. It's a death penalty prosecution. It involves multiple defendants. And it has the same sort of witness safety concerns. And the district court in that case acknowledged that many courts have held that a few days is sufficient to receive these sort of materials. I understand that argument. But of course, they want those materials because they think it might be, in some respects, helpful, even though, by definition now, this is not Brady material and it's not Jenks material because that's handled separately and you have an independent obligation to hand that over. And given that, for purposes in front of us, you've conceded that these are documents that was within the meaning of Rule 16, the only protection you've got within the rule is either 16A2, that is to say the state government is included within the term or the local government is included within the term of federal government, or protective order. But the operation of the rule doesn't seem to be premised upon the operation of Rule A2 does not seem to be premised upon either degree of helpfulness or degree of danger to witnesses. Yeah, you're right. You're absolutely right. And I'm not, I'm definitely not making that argument. What I am doing is responding to their argument that they can't prepare their case. If this were, again, if they could obviously prepare the case, they think they might be able to prepare it a little better, which is why they're asking for it. In terms of them having a constitutionally adequate ability to prepare their case, I'm Well, they're not now making a constitutional argument. There are a lot of constitutional arguments floating around. They're just making a simple Rule 16 argument. Yes. And you're right in terms of that doesn't affect the Rule 16A2 argument. It should weigh in the balance on a protective order, however. Counsel. Do I see the Witness Protection Act have any applicability here? I haven't seen anybody reference it in any of their briefs. Not that I'm aware of, Your Honor. So to the extent that the district court has a legitimate concern about witness security, there's nothing in the statute that addresses that? Not that I know of. Nothing in any statute that addresses that. Not that I'm aware of. Counsel, you've more than used your time, and we asked a lot of questions, so we will give you a little bit of time for rebuttal, and we'll hear now from the defense. Thank you, Your Honors. May it please the Court. My name is Martha Bursch, and I represent the defendant, Robert Calloway, and I will be speaking for all three defendants with me at counsel table as Michael Burt for Sattras, sorry, I got that wrong, Michael Sattras for Emile Fort and Michael Burt for Edgar Diaz, and I am going to reserve two minutes for Michael Sattras to talk about the capital issues and the petition for Ritam and Amos. Let me start by making sure that we're on the same page about what's at issue. We're not talking about Jenk's statements because they will, on the Rule 16 question, we're not talking about Jenk's statements, and we're not talking about Brady material. We're talking about other stuff. We are not talking about Jenk's statements. We are not talking about a witness list. We are, to some extent, talking about Brady material because the government has redacted ex-sculptory witnesses from the discovery it has produced. So in other words, and these pages are referenced in our excerpts of record, there are reports in there where witnesses clearly identify someone other than any of these defendants as the people who committed several of the homicides at issue. Those names have also been redacted. That's a separate issue, though, from the Rule 16 issue. So as we look at that as a matter of construction of the rule, we're looking at just documents of some kind that are in the possession now of the federal government. That's correct, and the government has conceded that these documents are documents in their possession that are material to the preparation of the defense, so they're clearly discoverable under Rule 16E1E. So can we give a real-life example that will help me? Are we talking about, for example, a San Francisco police incident report which identifies the name of the victim, the name of the witnesses to a homicide or a street robbery, the date and time of occurrence, basically how the crime was committed in summary fashion? Are those the kinds of Rule 16A2 documents we're now talking about? That's an example, yes. Okay. So using that as a hypothetical example, proceed with your argument. Well, I have some more questions about it, too, though. Because it's great to use a hypothetical example because it helps us all visualize it. If this were a state prosecution, would such a police report be discoverable? Yes, and they are routinely disclosed in state court prosecutions. As the government pointed out, the state court judge may, just as the federal judge here may, require that witness names and locator information be withheld in order to protect the safety of a witness. So there's no essentially state work product discovery protection? No, not that I'm aware of, Your Honor. And again, as I said, these reports are routinely disclosed in state court. In some of the instances in this case where there were actual state prosecutions, the reports were, in fact, disclosed. For some of the defendants, there was no state court prosecution, so they were not disclosed in the course of any state court prosecution. I think Judge Fletcher has sort of hit the nail on the head in a sense, and that is that the government is trying to use Rule 16A2 as a witness protection device, and that's simply not what it is. No, but it clearly provides that only certain things have to be disclosed. It basically says that which is covered by the Jenks Act, you have to give over. And all the other stuff that's in your possession that is prepared by a government agent, whatever that may be, you don't have to turn over. You do not. Regardless of whether there's danger, regardless of it, you don't have to turn it over. That's correct. And our position is that the government, in trying to construe Rule 16A2 to include state court governments in addition to the Federal government, is trying to construe the rule in a way that simply does not comport with the language of the rule. Well, the language of the rule is ambiguous, I would respectfully suggest, because there is no definition of government agent. I think that the rule is not ambiguous, despite the lack of a definition of government agent, because if you look at the rules overall, they are clearly geared towards the Federal government. Well, except under Rule 6, when we're talking about 6E orders involving state, Federal. And in Rule 6E, that's the one example. And in Rule 6E, Congress there made it explicit that in that case and in that case only, they were going to have the word government refer also to state governments and to foreign governments. They made it explicit in that rule and nowhere else. They did not subsequently or at the same time amend Rule 16A2. In every other rule, in every other context, the word government is meant to mean the Federal government. But why shouldn't we follow the reasoning of the judges from the Southern District of New York, who recognized the significant social cost that would be implicated if we did not encourage cooperation between state and Federal investigative agencies when they result in the discovery and prosecution of Federal crimes? Because those decisions are, with respect to those courts, wrong in the sense that the rule, interpreting the rule the way the defense believes it should be interpreted, the way that the defense thinks it is plainly meant to be, does not discourage cooperation between the state and Federal government. And in fact, it encourages cooperation between the state and Federal government, as does ALSEP's finding that the rule only protects state police reports if the state is in fact cooperating with the Federal government. In this case – I'm having a hard time understanding, following that logic, Ms. Borsch, if the result of a disclosure of SFPD homicide investigation reports, which are predicate offenses in the RICO case, results in either harm to witnesses in the Federal prosecution or an unwillingness on the part of witnesses who have knowledge of the facts to come forward because those identities have now been made known in their neighborhoods. With all due respect, that concern does not really go to how you interpret Rule 16a2. What that goes to is the district judge's ability, as he did here, if that is in fact a concern, if the government does present evidence that that's a possibility, which has never been presented in this case, then the court can fashion a remedy. Well, I know you haven't seen them, but we have a substantial volume of material that was filed in camera that underlies the district court's factual conclusion that those concerns are real and applicable in this case. And I'm not disputing those. I'm not disputing that, in fact, although, as you say, we've never seen that evidence, and so we do, we would dispute it if we could, but for purposes of this argument, we're not disputing it. But what I am saying is that the government has never presented any evidence other than their claim that the protective order is inadequate to address those concerns. And the district judge... I want to get back to the text of Rule 16 and how it all operates. When I look at Rule 16, the segment that we're discussing, it seems to differentiate two things, Jenks Act material and everything else. You have to give out the Jenks Act material. You don't have to give anything else. And if it's protected under A2... Well, but that's the question we're trying to get at. Now, if a statement that meets the requirements of the Jenks Act otherwise were taken by a, let's say, a San Francisco police officer originally, but came into the possession of the federal government at the time of trial, would that have to be given over pursuant to the Jenks Act? No, because under Rule 16A2, real statements of witnesses as defined in the Jenks Act don't have to be turned over other than in accordance with the Jenks Act. The Jenks Act, however, has a pretty specific definition of what a statement of a witness is. It doesn't depend on to whom the statement is made, so long as it's substantially verbatim or adopted. And your original answer, I think, is I'm confused by it. So let me take a step back. If a statement of the witness were taken by a San Francisco police officer and handed over to the federal government and that witness is called in the federal prosecution, don't you get that statement? Under the Jenks Act. Yes. Yes. That's my point. Yes. And so what Rule 16A2 seems to me to do is to divide the world in two parts, those things that have to be given under the Jenks Act, and everything else which doesn't. So if state-obtained statements have to be given over, why shouldn't state-obtained material that doesn't meet that criterion, why isn't that encompassed in the everything else that isn't discoverable? Because I think you start with the premise that all these reports are discoverable. That's not debatable at this point. The government has conceded these police reports are discoverable as documents material to the defense. We start with that premise, and the district court found that. The government doesn't dispute that. They concede that. These police reports, because they're in the possession of the government, because they're documents, and because they're material to the preparation of the defense, they are discoverable under Rule 16. But the question is when, right? No, they're on request of the defendant. That's what Rule 16 says. No, no, no, no, no. The concern I'm having is you want them earlier than the government wants to give them to you. We are entitled to the reason the government doesn't want to give them to you is because they convinced the district court that there are significant witness security concerns here. So the question we have to decide is how can we resolve this tension between your need for the information and the government's legitimate reason for not wanting to turn it over as soon as you want it? Well, you would affirm the district court as not abusing his discretion in resolving that tension, and he spent months and months trying to. But I want to get back to the Rule 16. Let me interject here. As I understand the government's position on this one, if it's not Janks Act material and if it's not Brady material, if it's police reports that come within their understanding of Rule 16a2, they're never going to give it to you. Right. That's what I'm confused about. Not when. It's never. It's never. And Rule 16a2 is an exemption, don't forget. The general rule is if it's a document discoverable under 16e1e, we get it upon request. The government has an obligation under the rule to give those documents to us. The government is saying, we know, we know that, but we're going to invoke this exemption. And this exemption says that our work product, and Rule 16a2 is clearly a work product exemption despite the government's statements to the contrary. We're going to invoke this work product exemption to say, no, we never have to give you this. Let me follow up on Judge Graber's question. As I understand the operation of Rule 16 is if you – if it is a document, and I gather we're all proceeding on the assumption for the moment that it is a document, it has to be handed over upon request by the defense unless it comes within either of two carve-outs in Rule 16a2. The first carve-out is what I'll call work product, and the second one is jinx. Correct. Now, jinx, it doesn't matter for purposes of the jinx who took the statement. If it's a witness statement, whether taken by the feds or taken by the local police, it doesn't matter. It's simply jinx. Right. But the first carve-out, which is the work product carve-out, it says it has to be by an agent of the government, and the question then is, okay, who is an agent of the government? And you can answer it either by saying who the government is, and if it's purely the federal government, then the pressure goes on to agent. Right. And if government means state and local government, well, that means anything that got whether agent or not at the earlier time. But I mean, that's how I understand the statute. That's right. But the first provision, let us say the work product carve-out, specifies by a government agent, and we've got to figure out what that means. Is that narrowing so that it only protects if it is federal government with a narrow definition of agent, which is your argument? That's right. Thank you for making my argument. I'm not making an argument, I'm just laying out, okay, that's where the argument comes from, that's instruction. That's exactly right. I mean, the narrow legal issue before this Court is simply how do you interpret the phrase other government agent in Rule 8-2. That's the narrow legal issue. The bigger issue is whether or not the district judge abused its discretion in fashioning this protective order and then invoking the sanctions order when it wasn't complied with. If we decide that question as broadly as the government is asking us to construe it, would that conclusion lead, then, to the conclusion that the judge also abused his discretion, because that clearly is the heart of his assumption in rendering the rulings that he did? The – if – a district court will abuse its discretion if it commits a clear error of law. And we just submit that the district judge's construction of Rule 16a-2 here was far from a clear error of law. It is, in fact, the only reasonable. And that is the crux of Judge Alsop's reasoning in the issuance of the orders that he issued. He found that Rule 16a-2, other government agent, means other Federal government agent. And if we were to disagree with that, and I know you're not conceding anything, but assume that we were to read other government agent to mean the agent of another government as well as another agent of the Federal government, what would be the result? Would we then send everything back to the district court to reconsider the remainder under a correct understanding of the law? No, because the judge also found correctly, we submit, that even if you construe Rule 16a-2 to apply to state agents and to protect state work product, the government in this case has waived that privilege. They've waived the protection of 16a-2 by producing the redacted police reports. And under well-settled law, once a party produces fact work product in part, it waives the privilege as to the whole document that addresses the same subject matter. So they have waived it, even if Rule 16a-2 is construed to protect state police reports. Is Rule 16 really, strictly speaking, a work product privilege, or is it a discovery rule, which is somewhat different and may have its origins in the concept of work product, but is it just purely translatable? I think it is. It is clearly a discovery rule, but it absolutely has its roots in the work product doctrine, and it was clearly intended by the drafters to be a work product protection. If you look at the advisory committee notes, throughout those notes, the advisory committee notes, there are work product exceptions to the general discovery requirement, but it still doesn't say whose work product, because theoretically, the rule certainly, in theory, could cover the work product of state or local government agents when the federal government takes over a prosecution. There's no overarching principle that says it couldn't do that. Well, they could. Clearly, they could amend the rule, as they did in 16e, and say when we say government here, we mean state and foreign, not just federal. They could do that. Right? There's no reason they couldn't do that. And in addition... So for that reason, it isn't necessarily coterminous with a common law, work product privilege, which might or might not apply in those circumstances. If they amended the rule, then they would be taking it out of the, it would no longer be coterminous with the work product privilege, but they haven't amended the rule to include state or local government agents. They could, but they haven't. So our view is they haven't, they could have, they didn't. It refers to federal government agents only, and it is essentially coterminous. It is essentially coterminous with the work product privilege. But I do want to point out, if you construe the rule the way the government wants, and say that other government agent means state agents. In other words, they're saying, the rule says anything made by an attorney for the government, everybody agrees. That refers only to federal attorneys, only to the federal assistant U.S. attorneys. Or by an other government agent. They say by other government agent. Congress, they're meant to refer to state government agents. If you construe that, rule that way, what you result, what the end result is that, documents prepared by the AUSA are protected, and documents prepared by state and local agents are protected, but documents prepared by FBI agents are not, because they're not an other government agent. They're a federal government agent. So it leads to the absurd result that federal agent reports are not protected, while state agent reports are protected. Why can't we, in light of the current discovery rules with regard to federal agent reports, why can't we give effect to both, and say it includes federal as well as state? Then you've just read the word other out of the word. I mean, the word out of the rule. Other means How if we define other to mean local state or foreign? Well, a couple responses to that. If you, every other place in Rule 16, and in the rules of criminal where they explicitly expand the definition, in every other rule, government refers to the federal government. To construe just this one use of the word in this one rule to include state governments, and in addition to the federal government, makes no sense. And it's completely contrary to the settled rules of statutory construction that when a word is used in a statute or a rule, it is to be interpreted the same way throughout that statutory rule. You have to be right linguistically. If other government agents, if other modifies government, so we're talking about another government, that means that we're talking about the agent of another government rather than the agent of this government. So, I mean, we're stuck either way. I think the way you lose, if you're going to lose, is that agent has a very broad meaning. And that it includes not only federal agents working after the federal investigation has gotten substantially underway, but it includes a sort of a post hoc incorporation of earlier work of people that are now, for purposes of the rule. And that would be a construction of the word agent that is also contrary to common sense and contrary to well-settled meanings of the word. We don't dispute, and nor did the district judge, that if, in fact, the state police here, in this case, were working as agents of the federal government, and they could have been, and the government might have made that showing, then those reports might have been protected. The problem here is the government failed repeatedly, time after time, despite multiple invitations from the district court, who said, come in, prove to me that these police officers were acting as your agents when they made these reports. If you make that showing, I will protect the documents. The argument just doesn't wash when you're talking about a RICO prosecution, because you can't know when the first predicate offense is committed. Take a robbery that is later charged federally as a predicate offense. You can't know at that point in time that that might be the beginning of a federal criminal case. Well, you can't know, but I guess, so what? So the reports prepared at that time are not your work product. If, in fact, the revelation of those reports is going to endanger witnesses in a subsequent RICO prosecution, the judge has the absolute ability under Rule 16d to protect those reports from disclosure. Then why shouldn't we do what Judge Graber suggested? If we rule against you on the interpretation question, give the district court the answer with regard to the key legal issue and send it back to him to take another look at these discovery obligations in the light of the guidance that he would receive from this court as to how that rule should be interpreted. I'm not sure I understand what the ruling of this court would be and what you would be asking the district court to do. If the word government is construed to mean state, then presumably none of these police reports are discoverable at all, and we never are entitled to them. So we would be completely in the dark as to what... Well, it may depend. If they contain exculpatory material, as you allege some of them do, for example, identifying a witness who misidentifies somebody who's present at the scene of the homicide, then you're going to get them under Brady. We might get the information under Brady. I don't know that we get the reports. We might get the information. But, I mean... The documents are discoverable. There is no downside to construe the rule the way the district judge here did and the way we believe is absolutely correct. There's simply no real downside to the government. The government is not prevented from protecting its witnesses. The government is not prevented from prosecuting RICO cases. The government is not prevented from prosecuting narcotics conspiracy cases. Why didn't we proceed the same way in this prosecution as the government has proceeded in others in this district involving outlaw motorcycle gangs, organized crime cases, continuing criminal enterprise cases? What is so unique about this case that it requires the extraordinary pre-trial production of information that you're going to get eventually in substantial amount but later than you want it? Well, what is unique about this case is that the government has uniquely to its practice in every other one of those cases refused to disclose this information in all those other cases in this district that information was disclosed. The prejudice is... We are talking about a large complex case. We are talking about multiple homicides, multiple defendants over a long period of time. The prejudice to the defense in being able to adequately represent our clients and to investigate the case is huge. We've already suffered a six-month delay in being able to fully investigate our cases as a result of the government's intransigence and its refusal to produce the information that is otherwise discoverable. The district court recognized that difficulty. He recognized the defendant's right to a fair trial and he made extremely thorough efforts to balance our interest in representing our clients against the government's interest in protecting its witnesses. Counsel, you have way exceeded your time. I'm sorry. I appreciate it. Give your co-counsel two minutes and we'll give two minutes for rebuttal. May it please the Court, Michael Satras on behalf of Amiel Fort and Edgar Diaz whom the prosecution is seeking to execute at the same time that they are willfully disobeying a ground rule to the prosecution set forth by the court. And there's no question that this defiance gives the prosecution an advantage. They've disputed whether that's the ulterior motive in this case or not but the effect of the disobedience does give them an advantage that makes first and foremost as a sanction the preclusion of the death penalty and the government admits as much. They told the district court that preclusion of the death penalty should be imposed to cure the prejudice that defendants were suffering and they've even urged as much to this court on page 39 of their brief they say the totality of the circumstances clearly favored the sanction of precluding the death penalty. Why is the issue of a writ of mandamus deciding that issue differently from the way the district court handled it? If the court believes that it could only be done by writ yes, but I think it comes within the ages of the state's appeal because the state has said that that as a kind of a lesser sanction should be imposed and we certainly join in that observance and that, you know, to use a image of Justice Blackmun, that's because with the machinery of death it must be well oiled by due process in order to meet constitutional demands and there's no way to avoid you know in all human affairs, fallibility that results in perhaps a breakdown of that process and the courts will tinker with that then and fix it. But when the breakdown is due to the purposeful conduct of the very governmental body that is seeking death the courts should not and need not tinker with that and see what should be done as a sanction. It should really close down that machinery as hazardous to human life and that's I think we do understand your position and you have used more than your two minutes Thank you. Thank you very much If you could start it at two minutes going backwards it would make it much easier for us on the rebuttal as well Just briefly your honors I wanted to make sure to hit two last points before I close One is that the sanction is also a clear abuse of discretion in this case. The government operated entirely in good faith here in trying to protect its witnesses and the courts finding of tactical advantage is not even explained in the order. There's no support for that The defendants are not prejudiced because as stated before if these were 302 reports they wouldn't be entitled to them so it's hard for them to claim prejudice here and we have given them as much discovery as we possibly can Thirdly, the prejudice You've given them as much discovery as you want Consistent with protecting the witnesses Consistent with your view of protection of the witnesses And thirdly the prejudice here would be cured by brief mid-trial continuances as were granted in the Adeline case out of D.C. And the Maples Court which we cited has said that only the least severe sanctions should be imposed and we believe that would be brief mid-trial continuances at this juncture Finally on the mandamus petition just want to point out briefly that it is a clear error of law in our view that the court has this finding on excerpts 128 about the danger to the witnesses and at the same time the court is saying that we have to put out a witness list 21 days ahead of time The statute 3432 clearly says that that is an error of law So with that, unless the court has any further questions I don't believe we do Thank you counsel We appreciate the spirited and helpful arguments on both sides and the case just argued is submitted and we stand adjourned
judges: Graber, W. Fletcher, Tallman